# UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### Columbia Division

| | |
|---|---|
| Matthew Alexander Nielson; J.Z., a Minor Under age 18 by his Parent & Guardian Michele Stephens; D.M., a Minor Under age 18 by her Parent & Guardian Victoria Reed; and the Freedom From Religion Foundation, Inc., <br>      *Plaintiffs*, <br>   ~ *vs.* ~ <br><br>School District Five of Lexington & Richland Counties, <br>      *Defendant*. | CA No. 3:12-cv-01427-CMC <br><br> **AMENDED COMPLAINT** <br> **(Non-Jury)** |

### STATEMENT OF THE CASE

  This is a religious freedom case arising under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff Nielson graduated from Irmo High School on May 30, 2012, and suffered unwanted exposure to a school-sanctioned invocation/benediction/prayer/religious message/blessing at his graduation ceremony. He has voiced his objections personally and in writing to the Defendant to no avail. He now petitions this Court for redress in the form of damages, declaratory and injunctive relief, costs and reasonable attorneys fees.

  The minor plaintiffs are current students at Irmo High. They reasonably anticipate constitutional injury at their graduation ceremonies nearly identical to that experienced by Plaintiff Nielson, and petition this Court for redress in the form of declaratory and injunctive relief, costs and reasonable attorneys fees.

**JURISDICTION & VENUE**

1. This case arises under the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Court accordingly enjoys original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. This is an action to remedy deprivations, actual and imminent, under color of law, of individual rights secured to Plaintiffs by the aforementioned constitutional provisions. The Court accordingly has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and (4). The Court further enjoys jurisdiction to award costs and reasonable fees to a prevailing plaintiff under 42 U.S.C. § 1988.

3. This is an action for a declaratory judgment, pursuant to 28 U.S.C. § 2201.

4. This Court would enjoy supplemental jurisdiction under 28 U.S.C. § 1367 over any related claims which might accrue under state law prior to pronouncement of final judgment.

5. Venue in this division is proper under 28 U.S.C. § 1391(a) and (b) and Local Rule 3.01 because all parties reside in the division, and the events and omissions giving rise to the stated claims occurred in the district.

**PARTIES**

6. Plaintiff Matthew Nielson is an 18-year-old high school graduate who attended all his high school years at Irmo High. Plaintiff presently resides and is domiciled in Columbia, South Carolina. Plaintiff is "religiously unaffiliated" in that he subscribes to no particular organized, institutionalized religion, nor other prescribed set of beliefs.

7. Plaintiffs J.Z and D.M. are current students at Irmo High School. Plaintiff J.Z. will graduate in May of 2013. Plaintiff D.M. will graduate in May of 2014.  They presently reside and

are domiciled in Columbia, South Carolina. Minor plaintiffs are "religiously unaffiliated" in that they subscribe to no particular organized, institutionalized religion, nor other prescribed set of beliefs.

8. Plaintiff Freedom From Religion Foundation (FFRF) is a Wisconsin non-stock corporation with its principal office in Madison, Wisconsin. As a national non-profit educational charity under IRS Code 501(c)(3), FFRF works to defend the constitutional principle of separation between church and state, as well as to educate the public about the views of non-theists. FFRF represents over 130 members in South Carolina and more than 18,000 nationwide. FFRF members are opposed to government endorsement of, and entanglement with religion and violations of the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

9. Defendant School District is a body politic amenable to suit in its own right, which states as its mission: "The mission of School District Five of Lexington and Richland Counties, in partnership with the community, is to provide challenging curricula with high expectations for learning that develop productive citizens who can solve problems and contribute to a global society."

**FACTS**

10. Plaintiff Matthew A. Nielson graduated from Irmo High School in Irmo, South Carolina on May 30, 2012. As such, he attended school subject to the rules, regulations, policies, procedures, customs and usages of Irmo High and School District Five. He is a member of FFRF.

11. The minor Plaintiffs are senior classpersons at Irmo High School in Irmo, South Carolina. As such, they attend school subject to the rules, regulations, policies, procedures, customs and usages of Irmo High and School District Five. They are members of FFRF.

12. Irmo High is located within, is administered by, and is overseen by Defendant School District Five of Lexington & Richland Counties. As such, Irmo High operates subject to the rules, regulations, policies, procedures, customs and usages of School District Five of Lexington & Richland Counties.

13. Defendant District Five has adopted the following policy. It is unknown whether the policy was properly promulgated under applicable parliamentary procedures governing District Five board meetings:

**Policy IMD School Ceremonies And Observations**

Issued 12/11

Purpose: To establish the board's vision for school ceremonies and observances.

**Pledge of Allegiance**
State law requires that all students say the Pledge of Allegiance at a specific time during each school day. Each school will designate this time.

Any person who does not wish to say the Pledge of Allegiance does not have to participate. The district will not penalize him/her for failing to participate.

Any person who does not wish to participate may leave the classroom or remain in his/her seat.The person may express his/her non-participation in any form that does not materially infringe upon the rights of others or disrupt school activities.

**Benedictions and/or invocations at graduations and athletic events**
Benedictions and/or invocations at high school graduations and athletic events are permissible on the following basis.

• The use of an invocation and/or benediction at a high school graduation exercise will be determined by a majority vote of the graduating senior class with the advice and counsel of the principal.

4

 • The use of an invocation and/or benediction at high school varsity athletic events will rest within the discretion of participating athletes, cheerleaders, band members and other student participants with the advice and counsel of the principal.

 • The invocation and/or benediction, if used, will be given by a student volunteer.

 • Consistent with the principle of equal liberty of conscience, the invocation and/or benediction will be nonsectarian and nonproselytizing in nature.

Adopted 6/7/82; Revised 4/6/92, 9/13/93, 9/26/93, 12/12/11

Legal references:

S.C. Code of Laws, 1976, as amended:
Section 59-1-455 - Time for Pledge of Allegiance required.
Section 59-1-320 - Head of public school to display U.S. and S.C. Flags.
Sections 59-1-441 and 59-1442 - South Carolina Student-Led Messages Act.
Section 59-1-443 - Schools shall provide minute of mandatory silence at beginning of each school day.

United States Supreme Court:

West Virginia State Board of Education v. Barnette, 319 U.S. 624 (1943).
Elk Grove Unified School District v. Newdow 124 S. Ct. 2301 (2004).
Morse v. Frederick, 127 S. Ct. 2618 (2007).

Court cases:

Myers v. Loudoun County Public Schools, 418 F.3d 395 (4th Cir. 2005).

**SCHOOL DISTRICT FIVE OF LEXINGTON AND RICHLAND COUNTIES**

 14. Pursuant to the policy aforementioned in the preceding averment, Irmo High School and its students delivered the following invocation/benediction/prayer/religious message/blessing to the 2012 graduating class and those attending the graduation rite:

 Father,

5

> We come today once again asking for your guidance, protection, and mercy. Be with us Lord as we venture out into the world and start this journey called life. There are people sitting here today who are still undecided of the career choice. We ask that you touch them, Lord, and lead them on the path you intend for their lives to follow. Lord even though we all come from different households, financial, religious, and moral backgrounds, I ask that you place us all on the same path of success. We ask that you will continually watch over us because we need you now more than ever and help us Lord with any future endeavors that we may face. Because we know with you all things are possible. We thank you for all the teachers, parents and administrators that were here through our 12 years of school that helped us on beginning the journey of our life. We also pray for families of those who did not make it here to see this day, but remain in our hearts. Our final prayer, Lord, is that you grant us the serenity to accept the things we cannot change, the courage to change the things we can, and the wisdom to know the difference.

15. Plaintiffs are offended by the invocation/benediction/prayer/religious message/ blessing because it conflicts with their views, is state-sanctioned religious speech uttered in violation of Plaintiffs' individual, inviolable rights under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs are offended by the promulgation and enforcement of the official district policy that sanctions, endorses and promotes precisely this type of constitutional violation.

16. Earlier in the 2011-2012 academic year, Plaintiff Nielson learned that a popular student vote on a 2012 graduation invocation/benediction/prayer/religious message/blessing had been organized by Irmo High teachers and staff. Subsequently, written ballots were prepared using school time, staff, facilities and funds in accordance with District Five written policy. Teachers distributed the ballots, instructed students on their completion, and once completed, collected them. Teachers and school staff tallied, recorded and reported the results. A student "volunteer" was selected to deliver the invocation/benediction/prayer/religious message/blessing.

17.  Plaintiff Nielson met with the principal of Irmo High, Mr. Rob Weinkle, and expressed his constitutional concerns. He asked that the invocation/benediction/prayer/religious message/blessing not be delivered. His request was denied.

18. Plaintiff Nielson subsequently contacted Plaintiff Freedom From Religion Foundation and expressed his personal angst and concern over this constitutional violation. Plaintiff FFRF, sharing his concerns, dispatched a letter dated May 22, 2012 to the Defendant requesting that the invocation/benediction/prayer/religious message/blessing not be delivered. Superintendent Steve Hefner responded via email on May 24, saying, " Please be advised that the District does not intend to overrule the decision of a majority of the 2012 graduating class of Irmo High School to have a student volunteer deliver an invocation at the Irmo High School graduation ceremony scheduled to take place next week."

19.  Plaintiffs further requested by letter through Counsel, dated May 25th, 2012, addressed to the full membership of the Defendant School Board, that the unconstitutional invocation/benediction/prayer/religious message/blessing not be delivered. Subsequently, Plaintiff Nielson was granted a meeting with District Five Superintendent Steve Hefner on May 29th, 2012. The meeting was pleasant, cordial and academically stimulating, but ultimately not productive. The Superintendent delivered by electronic mail the following message to Plaintiff Nielson and Counsel:

> Dear Max,
>
> Thank you for meeting with me today to share your comments and concerns regarding the decision by the Irmo High School 2012 graduating class to say a prayer during tomorrow's graduation ceremony.
>
> I have reflected on everything you said during our meeting and, while I empathize with your position, I do not believe that I can in good conscience grant your

7

request for me to step in and interfere with the decision of a majority of students who voted earlier this school year to include a prayer at their graduation ceremony.

As I mentioned to you during our conference, while I am a staunch supporter of the separation of Church and State, I do not believe that Freedom <u>of</u> Religion should be interpreted as requiring Freedom <u>from</u> Religion within the public schools. Here, I most note that I disagree with your characterization that the prayer in question is State-sponsorship or endorsement of the Christian faith. The decision to offer a prayer tomorrow was initiated by and will be offered by students, who in so doing are exercising their Freedom of Religion, with the School District's only involvement being administrative as far as the distribution and counting of the ballots.

I very much enjoyed meeting you; it is obvious to me that you are a young man with a very bright future and I am glad that you are a product of District Five.

Sincerely yours,
Steve Hefner

## FOR A FIRST CAUSE OF ACTION:
## ESTABLISHMENT CLAUSE VIOLATION

20. Defendants incorporate into this claim for relief all averments of this Complaint foregoing and hereafter as if restated verbatim. Defendant's written policy, facially, and as applied to the facts of this case violates the Establishment Clause of the First Amendment. The clear purpose of the policy is to promote religion; it hardly lacks a secular legislative purpose; and it cultivates, fosters and fertilizes a most excessive governmental entanglement with religion. The mere passage by the District of this policy evidences a purpose and perception of government establishment of religion. The policy's text and the circumstances surrounding its enactment reveal that it has such a purpose. The District's implementation of an electoral process that subjects the issue of prayer to a majoritarian vote has established a governmental mechanism that turns the school into a forum for religious debate and empowers the student body majority to

subject students of minority views to constitutionally improper messages. The award of that power alone is constitutionally repugnant.

21. The Court must find the District policy unconstitutional facially and as applied, and award the Plaintiffs appropriate relief under law and equity.

### FOR A SECOND CAUSE OF ACTION:
### EQUAL PROTECTION CLAUSE VIOLATION

22. Defendants incorporate into this claim for relief all averments of this Complaint foregoing and hereafter as if restated verbatim. Defendant's written policy, facially, and as applied to the facts of this case violates the Equal Protection Clause of the Fourteenth Amendment. The policy offers legal sanctuary, comfort and a public forum to religionists, substantially to the detriment of the religiously unaffiliated and non-theists.

23. The Court must find the District policy unconstitutional facially and as applied, and award the Plaintiffs appropriate relief under law and equity.

### FOR A THIRD CAUSE OF ACTION:
### DECLARATORY RELIEF

24. Plaintiffs seek under law, are and entitled to, a binding adjudication of the certainty of their present and future rights and status in the presently justiciable controversy; and subsequent to such adjudication, are entitled to seek appropriate relief to presently and prospectively enforce such rights and status on the foundation of the declaratory relief granted.

25. The Court must find the District policy unconstitutional facially and as applied, and award the Plaintiffs appropriate relief under law.

**RELIEF SOUGHT**

Plaintiffs seek relief as follows: That the Court declare the Defendant's policy on School Ceremonies and Observations facially violative of the First and Fourteenth Amendments to The Constitution, *ergo* legal nullities *ab initio* and thus unenforceable presently and prospectively; that the Court declare the Defendant's policy on School Ceremonies and Observations violative of the First and Fourteenth Amendments to The Constitution as applied to the facts of this case, and therefore actionable and remediable in the instant matter; that the court issue a permanent injunction prohibiting Defendant from coordinating a student vote on whether to host a graduation prayer or otherwise presenting, scheduling, sponsoring, encouraging, endorsing, or inviting prayers as part of the graduation ceremonies; that the Court award to the Plaintiffs appropriate monetary damages, costs and reasonable attorneys fees under applicable statutes, Rules of Civil Procedure, and Local District Court Rules; and for such other and further legal and equitable relief as the Court deems just and proper, in the interim and finally.

FOR THE PLAINTIFFS
CAPITOL COUNSEL, LLC:

_____
Aaron J. Kozloski, Esq., Fed. ID No. 9510
Capitol Counsel, LLC
1200 Main St., Suite 1980, Columbia, SC 29201
P.O. Box 1996, Lexington, SC 29071
803-748-1320 FAX 888-513-6021
aaron@capitolcounsel.us
*Attorney for the Plaintiffs*

Lexington, South Carolina
June 11, 2012