UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Matthew Alexander Nielson; J.Z., a Minor under age 18 by his Parent and Guardian Michele Stephens; D.M., a Minor under age 18 by her Parent and Guardian Victoria Reed; and the Freedom From Religion Foundation, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>School District Five of Lexington and Richland Counties,<br><br>Defendant. | C.A. No. 3:12-cv-01427-CMC<br><br>ANSWER TO<br>AMENDED COMPLAINT |

## STATEMENT OF THE CASE

Answering the STATEMENT OF THE CASE, the District incorporates by reference herein its responses to Plaintiffs' Amended Complaint included below. Any remaining allegations not addressed therein are denied.

## JURISDICTION & VENUE

1. The allegations in this Paragraph constitute a legal conclusion, to which no response is required. To the extent that a response is required, the District denies same.

2. The allegations in this Paragraph constitute a legal conclusion, to which no response is required. To the extent that a response is required, the District denies same.

3. Admitted upon information and belief.

4. The allegations in this Paragraph constitute a legal conclusion, to which no response is required. To the extent that a response is required, the District denies same.

5.    The allegations in this Paragraph constitute a legal conclusion, to which no response is required. To the extent that a response is required, the District denies same.

## PARTIES

6.    Admitted in part and denied in part. The District admits only that Plaintiff Mathew Neilson is an 18-year old graduate of Irmo High School ("IHS") who attended IHS between 2008-2012 as a resident of Columbia, South Carolina. The District currently lacks information sufficient to form a belief as to the truth of the allegations regarding Neilson's religious or other beliefs and, therefore, denies the remaining allegations of this Paragraph.

7.    Admitted in part and denied in part. The District admits only that Plaintiffs J.Z and D.M. are students currently enrolled at IHS as residents of Columbia, South Carolina who are anticipated to graduate in 2013 and 2014, respectively. The District currently lacks information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' religious or other beliefs and, therefore, denies the remaining allegations of this Paragraph.

8.    Admitted upon information and belief.

9.    Admitted.

## FACTS

10.    The District admits that Plaintiff Neilson graduated from IHS in Irmo, South Carolina on May 30, 2012, and that students attend Defendant District schools subject to established statutory law, policies, and procedures. Upon information and belief, Defendant District admits that Plaintiff Nielson is a member of FFRF.

11.    Admitted in part and denied in part. The District admits only that Plaintiffs J.Z. and D.M. are students at IHS and that students attend Defendant District schools subject to established statutory law, policies, and procedures. The District currently lacks

information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' membership in FFRF, therefore, denies the remaining allegations of this Paragraph.

12.  The District admits that IHS is a public high school operating as part of and by the District subject to District policies and procedures.

13.  Admitted in part and denied in part. The District admits only that the policy referenced in Paragraph 13 is the policy utilized during the relevant time frame. The District lacks information sufficient to form a belief as to Plaintiffs' knowledge of policy promulgation and therefore denies same.

14.  Admitted in part and denied in part. The District admits only that a graduating student delivered a message at the May 30, 2012 IHS commencement ceremony and that the text of the message the student prepared is included in this Paragraph. Any remaining allegations in this Paragraph are denied.

15.  The District currently lacks information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' views or response to the message delivered by a graduating student on May 30, 2012, and, therefore, denies those allegations of this Paragraph. The remaining allegations in this Paragraph constitute legal conclusions, to which no response is required. To the extent that a response is required, the District denies same.

16.  Admitted in part and denied in part. The District admits only that the decision to include a student-delivered invocation was subject to a vote by the graduating class, which vote was facilitated and counted by the Senior Sponsor. Subsequently, a student volunteer was selected at random from other student volunteers to deliver an invocation drafted by a group of IHS graduating students. The District lacks knowledge sufficient to form a belief as to when or what Plaintiff allegedly learned about the graduation program and, therefore, denies same.

17.     Admitted in part and denied in part.  The District admits only that Plaintiff Neilson contacted and met with IHS Principal Rob Weinkle shortly before graduation to express his concerns and request that the planned message be removed from the graduation program, which request was denied.  Any remaining allegations in this Paragraph are denied.

18.     Admitted in part and denied in part.  The District admits that it received correspondence dated May 22, 2012, objecting to a student-led message or invocation at the May 30, 2012 Commencement ceremony and that Dr. Hefner responded to the correspondence via email, the text of which is included in this Paragraph.  The District currently lacks information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Neilson's communications with FFRF and, therefore, denies same.

19.     Admitted in part and denied in part. The District admits only that Plaintiffs, through letter from FFRF, questioned the constitutionality of the planned message and demanded its removal from the graduation program, after which Plaintiff Nielson and his counsel met with District Superintendent Steve Hefner who followed up the meeting with an e-mail, the text of which is included in this Paragraph.  The District lacks information sufficient to form a belief as to Plaintiff Nielson's opinion regarding the productivity of the meeting and, therefore, denies same.  Any remaining allegations in this Paragraph are denied.

## FOR A FIRST CAUSE OF ACTION:
## ESTABLISHMENT CLAUSE VIOLATION

20.     Defendant District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Amended Complaint.  The remaining allegations of this Paragraph are denied.

21.     Denied.

## FOR A SECOND CAUSE OF ACTION:
## EQUAL PROTECTION CLAUSE VIOLATION

22. Defendant District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Amended Complaint. The remaining allegations of this Paragraph are denied.

23. Denied.

### FOR A THIRD CAUSE OF ACTION: DECLARATORY RELIEF

24. The allegations in this Paragraph constitute a legal conclusion, to which no response is required. To the extent that a response is required, the District denies same.

25. Denied.

### RELIEF SOUGHT

Answering the RELIEF SOUGHT, the District denies that Plaintiff is entitled to any of the relief sought therein.

(SIGNATURE BLOCKS ON NEXT PAGE)

Respectfully Submitted:

By:   s/ Andrea E. White_____
      Andrea E. White (Fed. I.D. No. 5620)
      Meredith L. Seibert (Fed. I.D. No. 9919)

      DUFF, WHITE & TURNER, LLC
      3700 Forest Dr., Suite 404
      P.O. Box 1486
      Columbia, SC 29202
      Telephone: (803) 790-0603
      Fax: (803)790-0605

      awhite@dwtlawfirm.com
      mseibert@dwtlawfirm.com


      s/ David L. Morrison_____
      David L. Morrison (Fed I.D. No. 3581)

      MORRISON LAW FIRM, LLC
      7453 Irmo Drive, Suite B
      Columbia, SC 29212
      Telephone: (803) 661-6285
      Fax: (803) 661-6289

      david@dmorrison-law.com

      Attorneys for Defendant School District Five
      of Lexington and Richland Counties

August 10, 2012
Columbia, South Carolina