UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA



CA **3:12-1427-CMC**

# NOTICE TO COUNSEL

The attached **Conference and Scheduling Order** sets a number of important deadlines required by the Federal Rules of Civil Procedure and the Local Civil Rules of the District of South Carolina. In addition, this order provides special instructions as to the following matters:

1. Confidentiality orders (¶ 1. c. & n. 3);
2. Motions to seal (¶ 1. d. & n. 4);
3. Motions relating to discovery (¶ 8);
4. Mediation (¶ 10); and
5. Pretrial briefs (n. 6).

Counsel should carefully review the Order and **note all deadlines on a calendaring system.**

The Local Civil Rules for the District of South Carolina, as well as the forms referenced in this order, are available on this District's website at:

**www.scd.uscourts.gov**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
**COLUMBIA** DIVISION

| | | |
|---|---|---|
| Matthew Alexander Nielson; J.Z., a Minor Under age 18 by his Parent & Guardian Michele Stephens; D.M., a Minor Under age 18 by her Parent & Guardian Victoria Reed; and the Freedom From Religion Foundation, Inc., | ) ) ) ) ) ) | CA **3:12-1427-CMC** |
| Plaintiff(s), | ) ) | |
| v. | ) ) ) | **CONFERENCE AND SCHEDULING ORDER** |
| School District Five of Lexington & Richland Counties, | ) ) ) ) | |
| Defendant(s). | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this order.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **August 31, 2012**.[1] At conference the parties shall confer concerning:

    (a) all matters set forth in Fed. R. Civ. P. 26(f);

    (b) whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary;[2]

    (c) whether a **confidentiality order** is necessary and appropriate;[3]

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to Plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. *See* Notice of Availability of United States Magistrate Judge, available from the Clerk's office or the Court's Internet site at http://www.scd.uscourts.gov.

[3] If the parties determine that a confidentiality order is necessary and appropriate, they should utilize the form found on the court's website (www.scd.uscourts.gov). Instructions for use of the form order are also located on the website. The parties may propose modifications but

  (d) whether documents may be filed which require protection such as **filing under seal** pursuant to Local Civil Rule 5.03.[4]

2. No later than **September 14, 2012** the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[5]

3. No later than **September 14, 2012** the parties shall file a Rule 26(f) Report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

4. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(1)) shall be filed no later than **November 9, 2012**.

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel\* has been disclosed to other parties by **December 7, 2012**. **\*NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.**

6. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel\* has been disclosed to other parties by **January 4, 2013**. **\*NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.**

7. Counsel shall file and serve a document identifying all records custodian witnesses proposed to be presented by affidavit at trial and certifying that appropriate affidavits with attached records have been served on other parties no later than **January 4, 2013**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed.R.Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

---

such changes shall be drawn to the court's attention. Queries regarding use of the form should be directed to Judge Currie's office.

 [4]Counsel are required to confer with Judge Currie's office prior to filing a motion to seal. Such conference shall be by telephone.

 [5]Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. *See* Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

8. Discovery shall be completed no later than **March 1, 2013**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02, and have had a telephone conference with Judge Currie in an attempt to resolve the matter informally.**

9. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **March 15, 2013**. (Fed. R. Civ. P. 16(b)(2)). *See* below ¶ 12 for motions in limine deadline.

10. Mediation, pursuant to Local Civil Rules 16.04   16.12, shall be completed in this case on or before **May 10, 2013**. *See* Standing Order to Conduct Mediation 4:00-mc-5001, which sets forth mediation requirements and is found on the court's website under Judge Currie's forms (http://www.scd.uscourts.gov). At least **twenty-eight (28) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of Standing Order to Conduct Mediation; (2) discussed the availability of mediation with the party; and (3) discussed the advisability and timing of mediation with opposing counsel.

11. No later than **May 24, 2013** the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).

12. Motions in limine must be filed by **July 15, 2013**.

13. Parties shall furnish the Court pretrial briefs seven (7) days prior to the date set for jury selection (Local Civil Rule 26.05).[6] Attorneys shall meet at least seven (7) days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

---

[6]Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.

3

14.    This case is subject to being called for jury selection and/or trial on or after **August 5, 2013**.

    The parties' attention is specifically directed to Local Rule 5.03 regarding the filing of confidential material.

                                                 s/Cameron McGowan Currie
                                                 United States District Judge

Dated: **August 10, 2012**
Columbia, South Carolina

Pursuant to Local Civil Rule 83.I.08, this order is being sent to local counsel only.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
<u>COLUMBIA</u>  DIVISION

| | | |
|---|---|---|
| Matthew Alexander Nielson; J.Z., a Minor Under age 18 by his Parent & Guardian Michele Stephens; D.M., a Minor Under age 18 by her Parent & Guardian Victoria Reed; and the Freedom From Religion Foundation, Inc., | ) ) ) ) ) ) | CA **3:12-1427-CMC** |
| Plaintiff(s), | ) ) | **RULE 26(f) REPORT** |
| v. | ) ) | |
| School District Five of Lexington & Richland Counties, | ) ) ) | |
| Defendant(s). | ) | |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

_____     We agree that the schedule set forth in the Conference and Scheduling Order filed **August 10, 2012** is appropriate for this case.  **The parties' proposed discovery plan as required by  Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 are attached.**

_____     We agree that the schedule set forth in the Conference and Scheduling Order filed  **August 10, 2012** requires modification as set forth in the attached proposed Consent Amended Scheduling Order (use format of the Court's standard scheduling order attached hereto).  **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 are attached.**

_____     We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court.  **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, is attached.  The information required by Local Civil Rule 26.03 is also attached.**

(SIGNATURE PAGE ATTACHED)

2

PLAINTIFF(S)                                    DEFENDANT(S)

_____                  _____
*Signature of Plaintiff's Counsel*              *Signature of Defendant's Counsel*


_____                  _____
*Printed Name of Plaintiff's Counsel            Printed Name of Defendant's Counsel
and Party Represented*                          and Party Represented*


_____                  _____
*Signature of Plaintiff's Counsel*              *Signature of Defendant's Counsel*


_____                  _____
*Printed Name of Plaintiff's Counsel            Printed Name of Defendant's Counsel
and Party Represented*                          and Party Represented*


_____                  _____
*Signature of Plaintiff's Counsel*              *Signature of Defendant's Counsel*


_____                  _____
*Printed Name of Plaintiff's Counsel            Printed Name of Defendant's Counsel
and Party Represented*                          and Party Represented*


_____                  _____
*Signature of Plaintiff's Counsel*              *Signature of Defendant's Counsel*


_____                  _____
*Printed Name of Plaintiff's Counsel            Printed Name of Defendant's Counsel
and Party Represented*                          and Party Represented*


*Dated:* _____                 *Dated:* _____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
**COLUMBIA** DIVISION

| | |
|---|---|
| Matthew Alexander Nielson; J.Z., a Minor Under age 18 by his Parent & Guardian Michele Stephens; D.M., a Minor Under age 18 by her Parent & Guardian Victoria Reed; and the Freedom From Religion Foundation, Inc., )<br><br>Plaintiff(s),<br><br>v.<br><br>School District Five of Lexington & Richland Counties,<br><br>Defendant(s). | CA **3:12-1427-CMC**<br><br><br><br>CONSENT AMENDED<br>**SCHEDULING ORDER** |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case.

1. Motions to join other parties and amend the pleadings (Fed. R. Civ. P. 16(b)(1)) shall be filed no later than _____.

2. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by _____.
   ***NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.**

3. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) or, where allowed, a report prepared by counsel* has been disclosed to other parties by _____.
   ***NOTE: Amendments effective December 1, 2010, impose new disclosure requirements for certain expert witnesses.**

4. Counsel shall file and serve a document identifying all records custodian witnesses proposed to be presented by affidavit at trial and certifying that appropriate affidavits with attached records have been served on other parties no later than _____. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

5. Discovery shall be completed no later than _____. All discovery

        requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. **No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02, and have had a telephone conference with Judge Currie in an attempt to resolve the matter informally.**

6.    All motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before _____. (Fed. R. Civ. P. 16(b)(2)).

7.    Mediation, pursuant to Local Civil Rules 16.04  16.12, shall be completed in this case on or before _____. *See* Standing Order to Conduct Mediation 4:00-mc-5001, filed December 1, 2000, which sets forth mediation requirements (http://www.scd.uscourts.gov). At least twenty-eight (28) days prior to this mediation deadline, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of Standing Order 4:00-mc-5001; (2) discussed the availability of mediation with the party; and (3) discussed the advisability and timing of mediation with opposing counsel.

8.    No later than _____ the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).

9.    Motions in limine must be filed by _____.

10.    Parties shall furnish the Court pretrial briefs seven (7) days prior to the date set for jury selection (Local Civil Rule 26.05).[1] Attorneys shall meet at least seven (7) days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

11.    This case is subject to being called for jury selection and/or trial on or after _____.

    The parties' attention is directed to the *Notice of Availability of United States Magistrate Judge to Exercise Jurisdiction.* A copy of the form is available in the Clerk's office or at the Court's internet site at http://www.scd.uscourts.gov.

                                                  Cameron McGowan Currie
                                                  United States District Judge

Dated: _____
Columbia, South Carolina
Pursuant to Local Civil Rule 83.I.08, this order is being sent to local counsel only.

---

[1] Judge Currie requires that pretrial briefs be filed with the Clerk of Court as part of the public record and served on opposing parties.