## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

|  |  |
|---|---|
| Matthew Alexander Nielson; J.Z., a Minor under age 18 by his Parent and Guardian Michele Stephens; D.M., a Minor under age 18 by her Parent and Guardian Victoria Reed; and the Freedom From Religion Foundation, Inc., <br><br>                 Plaintiffs, <br><br>      v. <br><br> School District Five of Lexington and Richland Counties, <br><br>              Defendant. | C.A. No. 3:12-cv-01427-CMC <br><br><br><br> **JOINT RULE 26(f) REPORT, PROPOSED DISCOVERY PLAN AND RESPONSES TO LOCAL RULE 26.03 INQUIRIES** |

### JOINT RULE 26(f) REPORT

      Plaintiff and Defendants, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

    <u>  X  </u>        We agree that the schedule set forth in the Conference and Scheduling Order filed <u>August 10, 2012</u>, is appropriate for this case. The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 are attached.

    <u>      </u>        We agree that the schedule set forth in the Conference and Scheduling Order filed <u>August 10, 2012</u>, requires modification as set forth in the Consent Amended Scheduling Order which will be emailed to chambers as required (use format of the Court's standard consent amended scheduling order found on our website at **www.scd.uscourts.gov**). The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 are attached.

    <u>      </u>        We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, is attached. The information required by Local Civil Rule 26.03 is also attached.

## PROPOSED DISCOVERY PLAN

In compliance with Rule 26(f), Fed. R. Civ. P., and Local Civil Rule 26.03 DSC, the parties have agreed to a proposed discovery plan, as follows.

### Issues Discussed Pursuant to Rule 26(f), FRCP:

**1.      What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made?**

No changes should be made in the timing, form, or requirement for other disclosures which are required under Rule 26(a).

**2.      The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues:**

The parties at this time believe that all discovery in this case should be completed no later than the date indicated in the Conference and Scheduling Order, issued by the Court on August 10, 2012.  Defendants also believe that discovery should not be conducted in phases or be limited to or focused upon particular issues.   Subjects for discovery include: Plaintiffs' experiences and alleged damages; District policies, procedures and practices related to the handling of commencement ceremonies and agenda; and the parties' versions of key events and decisions, and the motivations thereof.

**3.      Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

None known at this time.

4.      Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order:

None known at this time.

5.      What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed?

None.

6.      Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

None at this time.

<u>JOINT RESPONSES TO LOCAL RULE 26.03 INQUIRIES</u>

In compliance with Local Rule 26.03 DSC, counsel for Plaintiff and Defendants jointly submit the following information:

1.      A short statement of the facts of the case.

ANSWER:

Plaintiffs have brought what they have styled as a religious freedom case arising under the First Amendment and the Equal Protection Clause of the Fourteenth Amendments to the United States Constitution.   Plaintiff Nielson graduated from Irmo High School on May 30, 2012, and claims that he was unwillingly exposed to a student-led prayer at the graduation ceremony, which prayer Plaintiff Neilson alleges is sanctioned and advanced by the school and its personnel.

The decision to include a student-delivered invocation was subject to a vote by the graduating class, which vote was counted by the Senior Sponsor, an employee of the school. Subsequently, a student volunteer was selected at random from other student volunteers to

deliver an invocation drafted by a group of IHS graduating students.   Prior to the graduation ceremony, Plaintiff Neilson voiced his objection personally and in writing to the Defendant District regarding the student-led invocation.  The District Superintendent declined to remove the student-led invocation from the Commencement ceremony and a prayer was offered at graduation.

Plaintiff Neilson seeks redress in the form of nominal damages, declaratory and injunctive relief, costs and reasonable attorney fees.    The minor plaintiffs, J.Z. and D.M., are current students at Irmo High School.   They also object to the District's policy and the process by which it is implemented and seek redress in the form of declaratory and injunctive relief, costs and reasonable attorney fees.

**2.     The names of fact witnesses likely to be called and a brief summary of their expected testimony.**

**ANSWER:**

**For Plaintiffs:**

a.     Each Plaintiff will testify regarding their personal experience regarding participating in the student body vote on whether to have a graduation prayer, and why they object to the policy and the process.

b.     School staff members who Plaintiffs believe were assigned duties in connection with the voting process will be called to testify regarding their duties and actions. This would include the school principal and the District Superintendent.

**For District:**

a.     Dr. Rob Weinkle, Irmo High School Principal. Mr. Weinkle has information and knowledge regarding implementation of District policies and procedures at Irmo High School, as well as Irmo High School's response to Plaintiff Max Nielson's stated concerns.

4

b.      Dr. Stephen Hefner, District Superintendent.   Dr. Hefner has information and knowledge regarding the District's policies and procedures, as well as the District's response to Plaintiff Max Nielson's stated concerns.

c.      Ms. Allison Johnson, Senior Class Sponsor.  Ms. Johnson has information and knowledge regarding the level of school involvement related to the student-led prayer conducted at the 2012 Irmo High School commencement ceremony.

The District reserves the right to call any witness identified by Plaintiffs and to name additional witnesses identified in discovery.

**3.      The names and subject matter of expert witnesses.**

**ANSWER:**

**For Plaintiffs:**

Plaintiffs do not anticipate offering expert testimony.

**For Defendant:**

At this time, no expert witnesses have been identified by Defendants.  In the event Defendants identify any experts, they will provide that information in accordance with the scheduling order.

**4.      A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**ANSWER:**

**For Plaintiffs:**

Plaintiffs allege the District policy and the process by which it was implemented violate the Establishment Clause of the First Amendment as construed under *Engle v. Vitale* and its progeny.

**For the District:**

5

The District believes that the District policy and the process by which it was implemented do not violate the Establishment Clause of the First Amendment as examined using endorsement tests and that the facts of this case are distinguishable from the cases relied upon by Plaintiffs.    To the extent that Plaintiffs assert a claim for monetary damages, the District asserts Eleventh Amendment immunity is applicable.

**5.     Proposed dates for deadlines listed in Local Civil Rule 16.02.**

**ANSWER:**

Please refer to the Conference and Scheduling Order.

**6.     Whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order.**

**ANSWER:**

The parties know of no special circumstances which would affect the time frames of the Conference and Scheduling Order.

**7.     Provide any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.**

**ANSWER:**

No further information has been requested.

(SIGNATURE BLOCKS ON THE FOLLOWING PAGES)

Respectfully Submitted:

By:    s/ Meredith L. Seibert_____
       Andrea E. White (Fed. I.D. No. 5620)
       Meredith L. Seibert (Fed. I.D. No. 9919)

       DUFF, WHITE & TURNER, LLC
       3700 Forest Dr., Suite 404
       P.O. Box 1486
       Columbia, SC 29202
       Telephone:  (803) 790-0603
       Fax:  (803)790-0605

       awhite@dwtlawfirm.com
       mseibert@dwtlawfirm.com

       s/ David L. Morrison_____
       David L. Morrison, Esq. (Fed. I.D. No. 3581)

       MORRISON LAW FIRM, LLC
       7453 Irmo Drive, Suite B
       Columbia, SC 29212
       Telephone: (803) 661-6285
       Fax: (803) 661-6289

       david@dmorrison-law.com

       Attorneys for Defendant School District Five
       of Lexington and Richland Counties


       s/ Aaron J. Kozloski_____
       Aaron J. Kozloski, Esq. (Fed. I.D. No. 9510)

       CAPITOL COUNSEL, LLC
       1201 Main Street, Suite 1980
       Columbia, SC 29201
       Telephone: 803-748-1320
       Fax: 888-513-6021

       aaron@capitolcounsel.us

       Attorney for Plaintiffs

September 14, 2012
Columbia, South Carolina