# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### Columbia Division

| | |
|---|---|
| Matthew Alexander Nielson; J.Z., a Minor Under age 18 by his Parent & Guardian Michelle Stephens; D.M., a Minor Under age 18 by her Parent & Guardian Victoria Reed; the Freedom From Religion Foundation, Inc.,<br><br>      *Plaintiffs*,<br><br>   ~ *vs.* ~<br><br>School District Five of Lexington & Richland Counties; Board of Trustees of School District Five of Lexington and Richland Counties; Dr. Stephen W. Hefner, in his official capacity as School District Five Superintendent; and Mr. Robert Gantt in his official capacity as School District Five Board Chairperson,<br><br>      *Defendants*. | CA No. 3:12-cv-01427-CMC<br><br>**SECOND AMENDED COMPLAINT**<br>**(Non-Jury)** |

## STATEMENT OF THE CASE

This is a religious freedom case arising under the First Amendment Establishment Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff Nielson graduated from Irmo High School on May 30, 2012, and suffered unwanted exposure to a school-sanctioned invocation/benediction/prayer/religious message/blessing at his graduation ceremony. He has voiced his objections personally and in writing to the Defendant to no avail. He now petitions this Court for redress in the form of damages, declaratory and injunctive relief, costs and reasonable attorneys fees.

The minor plaintiffs are current students at Irmo High. They reasonably anticipate constitutional injury at their graduation ceremonies nearly identical to that experienced by

Plaintiff Nielson, and petition this Court for redress in the form of declaratory and injunctive relief, costs and reasonable attorneys fees.

Additionally, all Plaintiffs have followed the public proceedings of their School Board in the internet, and find the official opening prayers of the meetings personally offensive and violative of the Establishment Clause of the First Amendment, and petition this Court for redress in the form of declaratory and injunctive relief, costs and reasonable attorneys fees.

## JURISDICTION & VENUE

1. This case arises under the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The Court accordingly enjoys original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. This is an action to remedy deprivations, actual and imminent, under color of law, of individual rights secured to Plaintiffs by the aforementioned constitutional provisions. The Court accordingly has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and (4). The Court further enjoys jurisdiction to award costs and reasonable fees to a prevailing plaintiff under 42 U.S.C. § 1988.

3. This is an action for a declaratory judgment, pursuant to 28 U.S.C. § 2201.

4. This Court would enjoy supplemental jurisdiction under 28 U.S.C. § 1367 over any related claims which might accrue under state law prior to pronouncement of final judgment.

5. Venue in this division is proper under 28 U.S.C. § 1391(a) and (b) and Local Rule 3.01 because all parties reside in the division, and the events and omissions giving rise to the stated claims occurred in the district.

**PARTIES**

6. Plaintiff Matthew Nielson is an 18-year-old high school graduate who attended all his high school years at Irmo High. Plaintiff presently resides and is domiciled in Columbia, South Carolina. Plaintiff is "religiously unaffiliated" in that he subscribes to no particular organized, institutionalized religion, nor other prescribed set of beliefs.

7. Plaintiffs J.Z and D.M. are current students at Irmo High School. Plaintiff J.Z. will graduate in June of 2013. Plaintiff D.M. will graduate in May of 2014. They currently reside and are domiciled in Columbia, South Carolina. Minor plaintiffs are "religiously unaffiliated" in that they subscribe to no particular organized, institutionalized religion, nor other prescribed set of beliefs.

8. Plaintiff Freedom From Religion Foundation (FFRF) is a Wisconsin non-stock corporation with its principal office in Madison, Wisconsin. As a national non-profit educational charity under IRS Code 501(c)(3), FFRF works to defend the constitutional principle of separation between church and state, as well as to educate the public about the views of non-theists. FFRF represents over 130 members in South Carolina and more than 18,000 nationwide. FFRF members are opposed to government endorsement of, and entanglement with religion and violations of the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

9. Defendant School District is a body politic amenable to suit in its own right, which states as its mission: "The mission of School District Five of Lexington and Richland Counties, in partnership with the community, is to provide challenging curricula with high expectations for

3

learning that develop productive citizens who can solve problems and contribute to a global society."

10. Defendant Board of Trustees of School District Five of Lexington and Richland Counties ("Board") is the body with management and control over Defendant School District Five. Pursuant to state law and Board policy, the Board exerts policy making, executive, and quasi-judicial roles in fulfilling its management duties.

11. Defendants Hefner and Gantt are officers and agents of the Defendant School District, charged with formulating, executing and enforcing the rules, regulations, policies, procedures, customs and usages of Irmo High School and School District Five.

## **FACTS**

12. Plaintiff Matthew A. Nielson graduated from Irmo High School in Irmo, South Carolina on May 30, 2012. As such, he attended school subject to the rules, regulations, policies, procedures, customs and usages of Irmo High and School District Five. He is a member of FFRF.

13. The minor Plaintiffs are students at Irmo High School in Irmo, South Carolina. As such, they attend school subject to the rules, regulations, policies, procedures, customs and usages of Irmo High and School District Five. They are members of FFRF.

14. Irmo High is located within, is administered by, and is overseen by Defendant School District Five of Lexington & Richland Counties. As such, Irmo High operates subject to the rules, regulations, policies, procedures, customs and usages of School District Five of Lexington & Richland Counties.

15. Defendant District Five has adopted the following policy. It is unknown whether the policy was properly promulgated under applicable parliamentary procedures governing District Five board meetings:

### Policy IMD School Ceremonies And Observations

Issued 12/11

Purpose: To establish the board's vision for school ceremonies and observances.

**Pledge of Allegiance**
State law requires that all students say the Pledge of Allegiance at a specific time during each school day. Each school will designate this time.

Any person who does not wish to say the Pledge of Allegiance does not have to participate. The district will not penalize him/her for failing to participate.

Any person who does not wish to participate may leave the classroom or remain in his/her seat.The person may express his/her non-participation in any form that does not materially infringe upon the rights of others or disrupt school activities.

**Benedictions and/or invocations at graduations and athletic events**
Benedictions and/or invocations at high school graduations and athletic events are permissible on the following basis.

   • The use of an invocation and/or benediction at a high school graduation exercise will be determined by a majority vote of the graduating senior class with the advice and counsel of the principal.

   • The use of an invocation and/or benediction at high school varsity athletic events will rest within the discretion of participating athletes, cheerleaders, band members and other student participants with the advice and counsel of the principal.

   • The invocation and/or benediction, if used, will be given by a student volunteer.

   • Consistent with the principle of equal liberty of conscience, the invocation and/or benediction will be nonsectarian and nonproselytizing in nature.

Adopted 6/7/82; Revised 4/6/92, 9/13/93, 9/26/93, 12/12/11

Legal references:

S.C. Code of Laws, 1976, as amended:
Section 59-1-455 - Time for Pledge of Allegiance required.
Section 59-1-320 - Head of public school to display U.S. and S.C. Flags.
Sections 59-1-441 and 59-1442 - South Carolina Student-Led Messages Act.
Section 59-1-443 - Schools shall provide minute of mandatory silence at beginning of each school day.

United States Supreme Court:

West Virginia State Board of Education v. Barnette, 319 U.S. 624 (1943).
Elk Grove Unified School District v. Newdow 124 S. Ct. 2301 (2004).
Morse v. Frederick, 127 S. Ct. 2618 (2007).

Court cases:

Myers v. Loudoun County Public Schools, 418 F.3d 395 (4th Cir. 2005).

**SCHOOL DISTRICT FIVE OF LEXINGTON AND RICHLAND COUNTIES**

16. Pursuant to the policy aforementioned in the preceding averment, Irmo High School and its students delivered the following invocation/benediction/prayer/religious message/blessing to the 2012 graduating class and those attending the graduation rite:

Father,

We come today once again asking for your guidance, protection, and mercy. Be with us Lord as we venture out into the world and start this journey called life. There are people sitting here today who are still undecided of the career choice. We ask that you touch them, Lord, and lead them on the path you intend for their lives to follow. Lord even though we all come from different households, financial, religious, and moral backgrounds, I ask that you place us all on the same path of success. We ask that you will continually watch over us because we need you now more than ever and help us Lord with any future endeavors that we may face. Because we know with you all things are possible. We thank you for all the teachers, parents and administrators that were here through our 12 years of school that helped us on beginning the journey of our life. We also pray for families of those who did not make it here to see this day, but remain in our hearts. Our final prayer, Lord, is that you grant us the serenity to accept the things

we cannot change, the courage to change the things we can, and the wisdom to know the difference.

17. Plaintiffs are offended by the invocation/benediction/prayer/religious message/ blessing because it conflicts with their views, is state-sanctioned religious speech uttered in violation of Plaintiffs' individual, inviolable rights under the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment. Plaintiffs are offended by the promulgation and enforcement of the official district policy that sanctions, endorses and promotes precisely this type of constitutional violation.

18. Earlier in the 2011-2012 academic year, Plaintiff Nielson learned that a popular student vote on a 2012 graduation invocation/benediction/prayer/religious message/blessing had been organized by Irmo High teachers and staff. Subsequently, written ballots were prepared using school time, staff, facilities and funds in accordance with District Five written policy. Teachers distributed the ballots, instructed students on their completion, and once completed, collected them. Teachers and school staff tallied, recorded and reported the results. A student "volunteer" was selected to deliver the invocation/benediction/prayer/religious message/blessing.

19. Plaintiff Nielson met with the principal of Irmo High, Mr. Rob Weinkle, and expressed his constitutional concerns. He asked that the invocation/benediction/prayer/religious message/blessing not be delivered. His request was denied.

20. Plaintiff Nielson subsequently contacted Plaintiff Freedom From Religion Foundation and expressed his personal angst and concern over this constitutional violation. Plaintiff FFRF, sharing his concerns, dispatched a letter dated May 22, 2012 to the Defendant requesting that the invocation/benediction/prayer/religious message/blessing not be delivered. Superintendent Steve Hefner responded via email on May 24, saying, " Please be advised that the District does not

intend to overrule the decision of a majority of the 2012 graduating class of Irmo High School to have a student volunteer deliver an invocation at the Irmo High School graduation ceremony scheduled to take place next week."

21. Plaintiffs further requested by letter through Counsel, dated May 25th, 2012, addressed to the full membership of the Defendant School Board, that the unconstitutional invocation/benediction/prayer/religious message/blessing not be delivered. Subsequently, Plaintiff Nielson was granted a meeting with District Five Superintendent Steve Hefner on May 29th, 2012. The meeting was pleasant, cordial and academically stimulating, but ultimately not productive. The Superintendent delivered by electronic mail the following message to Plaintiff Nielson and Counsel:

> Dear Max,
>
> Thank you for meeting with me today to share your comments and concerns regarding the decision by the Irmo High School 2012 graduating class to say a prayer during tomorrow's graduation ceremony.
>
> I have reflected on everything you said during our meeting and, while I empathize with your position, I do not believe that I can in good conscience grant your request for me to step in and interfere with the decision of a majority of students who voted earlier this school year to include a prayer at their graduation ceremony.
>
> As I mentioned to you during our conference, while I am a staunch supporter of the separation of Church and State, I do not believe that Freedom <u>of</u> Religion should be interpreted as requiring Freedom <u>from</u> Religion within the public schools.  Here, I most note that I disagree with your characterization that the prayer in question is State-sponsorship or endorsement of the Christian faith.  The decision to offer a prayer tomorrow was initiated by and will be offered by students, who in so doing are exercising their Freedom of Religion, with the School District's only involvement being administrative as far as the distribution and counting of the ballots.

I very much enjoyed meeting you; it is obvious to me that you are a young man with a very bright future and I am glad that you are a product of District Five.

Sincerely yours,
Steve Hefner

22. Plaintiffs, exercising their rights and responsibilities of citizenship, have at various times followed the affairs of Defendant School District by reviewing the School Board's meeting minutes and listening to audio recordings of the proceedings published on the official School District web site. Plaintiffs intend to stay apprised of the official activities of Defendant School District and Defendant Board by observing Board meetings online and personally attending future Board meetings. Each meeting is formally opened with a religious invocation delivered by a person selected and invited by the School Board. The Board prayers are regularly delivered by an invited Christian pastor. The prayers include sectarian language, such as references to Jesus. Defendant Gannt calls the meetings to order and instructs the guest to deliver the invocation. In many cases, a school district senior staff member is selected to officially deliver the invocation. The meetings rotate location among various schools within the district. The meetings are attended by a variety of individuals, and students often participate by delivering the Pledge of Allegiance immediately after the invocation. Students are frequently publicly recognized for their achievements at the district meetings. Students from Irmo High School and from elementary schools have led the Pledge of Allegiance and also spoken before the Board. The official invocation offends Plaintiffs in that its primary purpose is to promote religion and particularly promote christianity in an inherently coercive school environment. Plaintiffs find this excessive entanglement between church and state personally offensive.

23. Plaintiffs are offended by the invocation/benediction/prayer/religious message/ blessing because it conflicts with their views, is state-sanctioned religious speech uttered in violation of Plaintiffs' individual, inviolable rights under the First Amendment and the Fourteenth Amendment. The plaintiffs have a right to attend or observe Board proceedings without encountering state-sanctioned religious devotions.

## FOR A FIRST CAUSE OF ACTION:
## ESTABLISHMENT CLAUSE VIOLATION
## GRADUATION PRAYER

24. Plaintiffs incorporate into this claim for relief all averments of this Amended Complaint foregoing and hereafter as if restated verbatim. Defendants' written policy, facially, and as applied to the facts of this case violates the Establishment Clause of the First Amendment. The clear purpose of the policy is to promote religion; it hardly lacks a secular legislative purpose; and it cultivates, fosters and fertilizes a most excessive governmental entanglement with religion. The mere passage by the District of this policy evidences a purpose and perception of government establishment of religion. The policy's text and the circumstances surrounding its enactment reveal that it has such a purpose. The District's implementation of an electoral process that subjects the issue of prayer to a majoritarian vote has established a governmental mechanism that turns the school into a forum for religious debate and empowers the student body majority to subject students of minority views to constitutionally improper messages. The award of that power alone is constitutionally repugnant.

25. The Court must find the District policy unconstitutional facially and as applied, and award the Plaintiffs appropriate relief under law and equity.

**FOR A SECOND CAUSE OF ACTION:**
**EQUAL PROTECTION CLAUSE VIOLATION**
**GRADUATION PRAYER**

26. Plaintiffs incorporate into this claim for relief all averments of this Amended Complaint foregoing and hereafter as if restated verbatim. Defendants' written policy, facially, and as applied to the facts of this case violates the Equal Protection Clause of the Fourteenth Amendment. The policy offers legal sanctuary, comfort and a public forum to religionists, substantially to the detriment of the religiously unaffiliated and non-theists.

27. The Court must find the District policy unconstitutional facially and as applied, and award the Plaintiffs appropriate relief under law and equity.

**FOR A THIRD CAUSE OF ACTION:**
**DECLARATORY RELIEF**
**GRADUATION PRAYER**

28. Plaintiffs incorporate into this claim for relief all averments of this Amended Complaint foregoing and hereafter as if restated verbatim. Plaintiffs seek under law, are and entitled to, a binding adjudication of the certainty of their present and future rights and status in the presently justiciable controversy; and subsequent to such adjudication, are entitled to seek appropriate relief to presently and prospectively enforce such rights and status on the foundation of the declaratory relief granted.

29. The Court must find the District policy unconstitutional facially and as applied, and award the Plaintiffs appropriate relief under law.

### FOR A FOURTH CAUSE OF ACTION: ESTABLISHMENT CLAUSE VIOLATION BOARD MEETING INVOCATION

30. Plaintiffs incorporate into this claim for relief all averments of this Amended Complaint foregoing and hereafter as if restated verbatim. Defendants' custom of opening board meetings with official sectarian invocations violates the Establishment Clause of the First Amendment. The clear purpose of the policy is to promote religion; it hardly lacks a secular legislative purpose; and it cultivates, fosters and fertilizes a most excessive governmental entanglement with religion.

31. The Court must find the District custom of commencing each board meeting with an opening prayer unconstitutional, and award the Plaintiffs appropriate relief under law and equity.

### FOR A FIFTH CAUSE OF ACTION: EQUAL PROTECTION CLAUSE VIOLATION BOARD MEETING INVOCATION

32. Plaintiffs incorporate into this claim for relief all averments of this Amended Complaint foregoing and hereafter as if restated verbatim. Defendants' custom and usage of commencing each school board meeting with an official sectarian invocation violates the Equal Protection Clause of the Fourteenth Amendment. The invocation and the context in which it takes place offers legal sanctuary, comfort and a public forum to religionists, substantially to the detriment of the religiously unaffiliated and non-theists.

33. The Court must find the District custom of commencing each board meeting with an opening prayer unconstitutional, and award the Plaintiffs appropriate relief under law and equity.

## FOR A SIXTH CAUSE OF ACTION:
## DECLARATORY RELIEF
## BOARD MEETING INVOCATION

34. Plaintiffs incorporate into this claim for relief all averments of this Amended Complaint foregoing and hereafter as if restated verbatim. Plaintiffs seek under law, are and entitled to, a binding adjudication of the certainty of their present and future rights and status in the presently justiciable controversy; and subsequent to such adjudication, are entitled to seek appropriate relief to presently and prospectively enforce such rights and status on the foundation of the declaratory relief granted.

35. The Court must find the District custom of commencing each board meeting with an opening prayer unconstitutional, and award the Plaintiffs appropriate relief under law.

## RELIEF SOUGHT

Plaintiffs seek relief as follows:

36. That the Court declare the Defendants' policy on School Ceremonies and Observations facially violative of the First and Fourteenth Amendments and to The Constitution, *ergo* legal nullities *ab initio* and thus unenforceable presently and prospectively;

37. That the Court declare the Defendants' policy on School Ceremonies and Observations violative of the First and Fourteenth Amendments to The Constitution as applied to the facts of this case, and therefore actionable and remediable in the instant matter; that the court issue a permanent injunction prohibiting Defendant from coordinating a student vote on whether to host a graduation prayer or otherwise presenting, scheduling, sponsoring, encouraging, endorsing, or inviting prayers as part of graduation ceremonies;

38. That the Court declare the Defendants' custom and usage of commencing each school board meeting with an official invocation or prayer violative of the First and Fourteenth Amendments to The Constitution;

39. And that the Court award to the Plaintiffs appropriate monetary damages, costs and reasonable attorneys fees in each cause of action under applicable statutes, Rules of Civil Procedure, and Local District Court Rules; and for such other and further legal and equitable relief as the Court deems just and proper, in the interim and finally.

                                      FOR THE PLAINTIFFS
                                      CAPITOL COUNSEL, LLC:

                                      _____
                                      Aaron J. Kozloski, Esq., Fed. ID No. 9510
                                      Capitol Counsel, LLC
                                      1200 Main St., Suite 1980, Columbia, SC 29201
                                      P.O. Box 1996, Lexington, SC 29071
                                      803-748-1320 FAX 888-513-6021

Lexington, South Carolina                aaron@capitolcounsel.us
November 14, 2012                         *Attorney for the Plaintiffs*