UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |
|---|---|
| Matthew Alexander Nielson; J.Z., a Minor under age 18 by his Parent and Guardian Michele Stephens; D.M., a Minor under age 18 by her Parent and Guardian Victoria Reed; and the Freedom From Religion Foundation, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> School District Five of Lexington and Richland Counties, Board of Trustees of School District Five of Lexington and Richland Counties; Dr. Stephen W. Hefner, in his official capacity as School District Five Superintendent; and Mr. Robert Gantt in his official capacity as School District Five Board Chairperson, <br><br> Defendants. | C.A. No. 3:12-cv-01427-CMC <br><br><br> **SCHOOL DISTRICT FIVE OF LEXINGTON AND RICHLAND COUNTIES' ANSWER TO SECOND AMENDED COMPLAINT** |

## STATEMENT OF THE CASE

Answering the STATEMENT OF THE CASE, the District incorporates by reference herein its responses to Plaintiffs' Second Amended Complaint as set forth below. Any remaining allegations not addressed therein are denied.

## JURISDICTION & VENUE

1. The allegations in this Paragraph constitute a legal conclusion, to which no response is required. To the extent that a response is required, the District denies same.

2. The allegations in this Paragraph constitute a legal conclusion, to which no response is required. To the extent that a response is required, the District denies same

3. Admitted upon information and belief.

4.      The allegations in this Paragraph constitute a legal conclusion, to which no response is required. To the extent that a response is required, the District denies same.

5.      The allegations in this Paragraph constitute a legal conclusion, to which no response is required. To the extent that a response is required, the District denies same.

## PARTIES

6.      Admitted in part and denied in part. The District admits only that Plaintiff Mathew Neilson is an 18-year old graduate of Irmo High School ("IHS") who attended IHS between 2008-2012 as a resident of Columbia, South Carolina. The District currently lacks information sufficient to form a belief as to the truth of the allegations regarding Neilson's religious or other beliefs and, therefore, denies the remaining allegations of this Paragraph.

7       Admitted in part and denied in part. The District admits only that Plaintiffs J.Z and D.M. are students currently enrolled at IHS as residents of Columbia, South Carolina who are anticipated to graduate in 2013 and 2014, respectively. The District currently lacks information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' religious or other beliefs and, therefore, denies the remaining allegations of this Paragraph.

8.      Admitted upon information and belief.

9.      Admitted.

10.     Admitted.

11.     Admitted.

## FACTS

12.     The District admits that Plaintiff Neilson graduated from IHS in Irmo, South Carolina on May 30, 2012, and that students attend District schools subject to established statutory

law, policies, and procedures.    Upon information and belief, the District admits that Plaintiff Nielson is a member of FFRF.

13.    Admitted in part and denied in part.  The District admits only that Plaintiffs J.Z. and D.M. are students at IHS and that students attend District schools subject to established statutory law, policies, and procedures.  The District currently lacks information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' membership in FFRF.

14.    Admitted

15.    Admitted in part and denied in part.  The District admits only that the policy referenced in Paragraph 13 is the policy that was in place during the relevant time frame.  The District lacks information sufficient to form a belief as to Plaintiffs' knowledge of policy promulgation and therefore denies same.

16.    Admitted in part and denied in part.   The District admits only that a graduating student delivered a message at the May 30, 2012 IHS commencement ceremony and that the text of the message the student prepared is included in this Paragraph.   All remaining allegations in this Paragraph are denied.

17.    The District currently lacks information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' views or response to the message delivered by a graduating student on May 30, 2012, and, therefore, denies those allegations of this Paragraph.  The remaining allegations in this Paragraph constitute legal conclusions, to which no response is required.  To the extent that a response is required, the District denies same.

18.    Admitted in part and denied in part.   The District admits only that the decision to include a student-delivered invocation was subject to a vote by the graduating class, which vote was facilitated and counted by the Senior Sponsor.  Subsequently, a student volunteer

was selected at random from other student volunteers to deliver an invocation drafted by a group of IHS graduating students. The District lacks knowledge sufficient to form a belief as to when or what Plaintiff allegedly learned about the graduation program and, therefore, denies same.

19. Admitted in part and denied in part. The District admits only that Plaintiff Neilson contacted and met with IHS Principal Rob Weinkle shortly before graduation to express his concerns and to request that the planned message be removed from the graduation program, which request was denied. All remaining allegations in this Paragraph are denied.

20. Admitted in part and denied in part. The District admits that it received correspondence dated May 22, 2012, objecting to a student-led message or invocation at the May 30, 2012 Commencement ceremony and that Dr. Hefner responded to the correspondence via email, the text of which is included in this Paragraph. The District currently lacks information sufficient to form a belief as to the truth of the allegations regarding Plaintiff Neilson's communications with FFRF and, therefore, denies same.

21. Admitted in part and denied in part. The District admits only that Plaintiffs, through letter from FFRF, questioned the constitutionality of the planned message and demanded its removal from the graduation program, after which Plaintiff Nielson and his counsel met with District Superintendent Steve Hefner who followed up the meeting with an e-mail, the text of which is included in this Paragraph. The District lacks information sufficient to form a belief as to Plaintiff Nielson's opinion regarding the productivity of the meeting and, therefore, denies same. All remaining allegations in this Paragraph are denied.

22. Admitted in part and denied in part. The District admits only that the opening of school meetings generally include welcoming remarks, an invocation, and recitation of the Pledge of Allegiance. The District admits that board meetings, generally held in the evening,

4

are held in various schools across the District so that interested community members may attend and participate. The District further admits that District students on occasion participate in board meetings, including delivery of the Pledge of Allegiance, involvement in achievement recognition programs, and participation in time for public comment. Upon information and belief, the District believes that Plaintiffs have not attended any board meetings. The District lacks information sufficient to form a belief as to Plaintiffs' involvement in school board meetings through review of online materials or their intent to do so in the future and, therefore, denies same. All remaining allegations in this Paragraph are denied.

23. Admitted in part and denied in part. The District admits only that Plaintiffs have a right to attend or participate in board meetings where their Constitutional rights are not violated. All remaining allegations in this Paragraph are denied.

### FOR A FIRST CAUSE OF ACTION: ESTABLISHMENT CLAUSE VIOLATION GRADUATION PRAYER

24. The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Amended Complaint. The remaining allegations of this Paragraph are denied.

25. Denied.

### FOR A SECOND CAUSE OF ACTION: EQUAL PROTECTION CLAUSE VIOLATION GRADUATION PRAYER

26. The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Amended Complaint. The remaining allegations of this Paragraph are denied.

27. Denied.

### FOR A THIRD CAUSE OF ACTION:
### DECLARATORY RELIEF
### GRADUATION PRAYER

28. The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Amended Complaint. The remaining allegations of this Paragraph are denied.

29. Denied.

### FOR A FOURTH CAUSE OF ACTION:
### ESTABLISHMENT CLAUSE VIOLATION
### BOARD MEETING INVOCATION

30. The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Amended Complaint. The remaining allegations of this Paragraph are denied.

31. Denied.

### FOR A FIFTH CAUSE OF ACTION:
### EQUAL PROTECTION CLAUSE VIOLATION
### BOARD MEETING INVOCATION

32. The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Amended Complaint. The remaining allegations of this Paragraph are denied.

33. Denied.

### FOR A SIXTH CAUSE OF ACTION:
### DECLARATORY RELIEF
### BOARD MEETING INVOCATION

34.     The District incorporates by reference herein its responses to the preceding paragraphs of Plaintiff's Amended Complaint.   Subject to the responses and defenses herein, the District admits only that Plaintiffs are entitled to seek and obtain adjudication of their rights; and subject to such adjudication, are entitled to seeks appropriate relief to enforce such rights.

35.     Denied.

## RELIEF SOUGHT

36.     The District denies that Plaintiff is entitled to any of the relief sought in this Paragraph.

37.      The District denies that Plaintiff is entitled to any of the relief sought in this Paragraph.

38.     The District denies that Plaintiff is entitled to any of the relief sought in this Paragraph.

39.     The District denies that Plaintiff is entitled to any of the relief sought in this Paragraph.

## FOR A FIRST DEFENSE

Plaintiffs J.Z, D.M., and the Freedom from Religion Foundation, Inc. lack standing to bring an action for alleged Constitutional violations arising from the May 30, 2012 Graduation ceremony.

## FOR A SECOND DEFENSE

All Plaintiffs lack standing to bring an action for alleged Constitutional violations arising as a result of invocations delivered at District Board Meetings.

## **FOR A THIRD DEFENSE**

Plaintiffs' claims against the District are barred by the Eleventh Amendment of the U.S. Constitution.

WHEREFORE, having fully answered the Complaint of the Plaintiff, the Defendants pray that the Complaint be dismissed with prejudice, for the costs of this action, and for such other and further relief as the Court deems just and proper.

>  Respectfully Submitted:
> 
> By:  s/ Andrea E. White_____
>     Andrea E. White (Fed. I.D. No. 5620)
>     Meredith L. Seibert (Fed. I.D. No. 9919)
> 
>     DUFF, WHITE & TURNER, LLC
>     3700 Forest Dr., Suite 404
>     P.O. Box 1486
>     Columbia, SC 29202
>     Telephone:  (803) 790-0603
>     Fax:  (803)790-0605
>     awhite@dwtlawfirm.com
>     mseibert@dwtlawfirm.com
> 
> 
>     s/ David L. Morrison_____
>     David L. Morrison (Fed I.D. No. 3581)
>     Kassi B. Sandifer (Fed I.D. No. 7439)
>     MORRISON LAW FIRM, LLC
>     7453 Irmo Drive, Suite B
>     Columbia, SC 29212
>     Telephone: (803) 661-6285
>     Fax: (803) 661-6289
>     david@dmorrison-law.com
>     kassi@dmorrison-law.com
> 
>     Attorneys for Defendant School District Five of
>     Lexington and Richland Counties

December 3, 2012
Columbia, South Carolina