UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Matthew Alexander Nielson; J.Z., a Minor under age 18 by his Parent and Guardian Michele Stephens; D.M., a Minor under age 18 by her Parent and Guardian Victoria Reed; and the Freedom From Religion Foundation, Inc., <br><br>             Plaintiffs,<br>v.<br><br>School District Five of Lexington and Richland Counties, Board of Trustees of School District Five of Lexington and Richland Counties; Dr. Stephen W. Hefner, in his official capacity as School District Five Superintendent; and Mr. Robert Gantt in his official capacity as School District Five Board Chairperson,<br>             Defendants. | C.A. No. 3:12-cv-01427-CMC<br><br><br><br>**DEFENDANTS HEFNER AND GANTT'S REPLY TO PLAINTIFFS' RESPONSE TO THEIR MOTION TO STRIKE AND DISMISS** |

## I.     INTRODUCTION

Defendants Dr. Stephen W. Hefner and Mr. Robert Gantt filed a Rule 12(f), FRCP, Motion to Strike and Dismiss on January 11, 2013, to which Plaintiffs filed a Response on January 28, 2013.   Defendants Hefner and Gantt submit this Reply.

## II.     ARGUMENT

### A.     PLAINTIFFS' SECOND AMENDED COMPLAINT IS UNNECESSARILY REDUNDANT AND DUPLICATIVE AS IT ASSERTS IDENTICAL CLAIMS TO THOSE ALREADY PENDING AGAINST AN EXISTING PARTY

As noted in Defendants' initial memorandum of law, official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978).

1

If a government entity receives notice of a suit and has an opportunity to respond, as the District has here, a suit filed against a governmental official in his official capacity is treated as a suit against the governmental entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Brandon v. Holt,* 469 U.S. 464, 471-472 (1985)). By filing suit against Hefner in his official capacity only, Gantt in his official capacity only, and the District, Plaintiffs have asserted the same claims against the District, the real party in interest, three times within a single Complaint.

Plaintiffs argue that Defendants' Motion to Strike is an improper vehicle by which to exclude (and thus dismiss) these redundant claims because Rule 12(f) is not an authorized means to seek the dismissal of all or a part of a complaint. Plaintiffs assert that Defendants should have instead utilized a Rule 12(b)(6) motion to exclude the claims against Defendants Hefner and Gantt. In making this argument, Plaintiffs ignore the fact that Defendants Hefner and Gantt have taken no position challenging the sufficiency of the Plaintiffs' stated claims nor do they seek dismissal of Plaintiffs' claims in their entirety for failure to state a claim. Rather, Defendants Hefner and Gantt's position is that Plaintiffs have stated the same claim against the real party in interest multiple times within the same Complaint and that the duplicative claims should be stricken as "redundant . . . matter" as otherwise permitted by Rule 12(f) or disposed of pursuant to any grounds determined appropriate by the Court. Once those duplicative claims are disposed of, Defendants Hefner and Gantt, regardless of the term used - whether excluded, removed, or dismissed – would no longer be included in this suit as separately named Defendants, leaving the District as the real party in interest to address Plaintiffs' claims and allegations.

Plaintiffs further argue that Defendants Hefner and Gantt fail to establish that their Motion to Strike is warranted, primarily based on Plaintiffs' assertion that the claims

against Defendants Hefner and Gantt are not duplicative of the claims against the District [1] and that the Individual Defendants are not prejudiced by their inclusion as parties. While arguing that Defendants Hefner and Gantt are named only in their official capacities, Plaintiffs allege that the differences in the Individual Defendants' job duties and functions within the District operate to distinguish the claims and that discovery could provide further refinement of the issues. [2] In support of this position, Plaintiffs attempt to differentiate cases cited by Defendants in support of excluding the duplicative claims on the grounds that dismissal was only granted as to those claims that were "identical" or "indistinguishable." However, as this Court is aware from the Second Amended Complaint, Plaintiffs have filed the same claims and causes of action, based on the same set of facts, and seek the same remedy from the District as they do from the individually named Defendants. Therefore, Plaintiffs' assertion that the claims against Defendants Hefner and Gantt are not duplicative, identical, or indistinguishable to the claims filed against the District is without merit. Moreover, Defendants Hefner and Gantt, as well as Defendant District, will be prejudiced if these duplicative claims are allowed to move forward as Defendants Hefner and Gantt will be forced to expend unnecessary resources and time to defend this matter.

### III.  CONCLUSION

For the reasons cited herein, Defendants Hefner and Gantt's Rule 12(f), FRCP, Motion to Strike and Dismiss should be granted and any reference to Hefner and Gantt as

---

[1] To the extent that Plaintiffs' Response includes arguments and citations regarding the relevancy of the claims, Defendants Hefner and Gantt filed the Rule 12(f) motion on the grounds that the claims were redundant. Therefore, they do not address Plaintiffs' arguments or citations regarding immaterial matter.

[2] Defendants Hefner and Gantt do not dispute that Plaintiffs may be entitled to discovery against the District on the issues raised in Plaintiffs' Response; however, this information should be obtained from Defendants Hefner and Gantt as witnesses, rather than parties.

Defendants stricken as unnecessarily duplicative, thus resulting in their dismissal from the Complaint as separately named Defendants and leaving the District as the sole party in interest.

                                  Respectfully Submitted:

By:   s/ Andrea E. White_____
        Andrea E. White (Fed. I.D. No. 5620)
        Meredith L. Seibert (Fed. I.D. No. 9919)

        DUFF, WHITE & TURNER, LLC
        3700 Forest Dr., Suite 404
        P.O. Box 1486
        Columbia, SC 29202
        Telephone: 803.790.0603
        Fax: 803.790.0605

        awhite@dwtlawfirm.com
        mseibert@dwtlawfirm.com


        s/ David L. Morrison_____
        David L. Morrison, Esq. (Fed. I.D. No. 3581)
        Kassi B. Sandifer, Esq. (Fed. I.D. No. 7439)

        MORRISON LAW FIRM, LLC
        7453 Irmo Drive, Suite B
        Columbia, SC 29212
        Telephone: 803.661.6285
        Fax: 803.661.6289

        david@dmorrison-law.com
        kassi@dmorrison-law.com

        Attorneys for Defendants

February 7, 2013
Columbia, South Carolina