UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Matthew Alexander Nielson; J.Z., a Minor under age 18 by his Parent and Guardian Michele Stephens; D.M., a Minor under age 18 by her Parent and Guardian Victoria Reed; and the Freedom From Religion Foundation, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> School District Five of Lexington and Richland Counties, <br><br> Defendant. | C.A. No. 3:12-cv-01427-CMC <br><br><br> **DEFENDANT'S STATEMENT OF FACTS** |

By Text Order dated June 4, 2014, and amended June 27, 2014 and July 3, 2014, the Court has directed the parties to file a Stipulated Statement of Facts relevant to the remaining issues in the above-referenced case. Defendant hereby stipulates as follows:

School District Five of Lexington and Richland Counties (hereinafter "the District") is a public school district located in Lexington and Richland Counties in the state of South Carolina serving students from pre-school age through grades 12. The District's 2013-14 enrollment was approximately 16,270 students. The District is comprised of 12 elementary schools, 4 middle schools, 5 high schools, and an alternative academy. See 2013 SC Annual School District Report Card Summary.

The Board of Trustees of School District Five of Lexington and Richland Counties ("the Board") is composed of seven trustees who are responsible under State law for governing the District. See S.C. Code §59-19-10. Board members are elected and required to be residents of the District. Four members represent the portion of the District located in Lexington

County and are elected by the registered voters therein. Three members are required to be residents of the portion of the District located in Richland County and are elected by the registered voters therein. Each trustee is elected to serve a four-year term. See Act 287 of 1987 and Act 218 of 1993; PolicyBB–School Board Legal Status.

The Board is the District's official policy-making body. See S.C. Code §59-19-110. The Board takes a broad view of its required functions. The Board develops policies to govern education in the District, with those policies reflecting the requirements of state and federal law as well as the needs and goals of the community. As members of an elected body, Board members seek to respond to their constituents' interests. As with any body of elected officials, constituent input often plays a role in the Board's decision-making. The Board maintains communication with its various constituencies served by District schools. In 2006, to reflect its existing practice of receiving constituent feedback, the Board revised Policy BEDH--Public Participation at Meetings. See Policy BEDH. In addition to its legislative and policy-making functions, the Board sees its functions as including the following: delegation of executive powers, quasi-judicial, decision-making, educational planning, interpretation, operational action, provision of financial resources, and official visits to schools. See Policy BBA Board Powers and Duties.

The Board conducts two regular monthly meetings, on the second and fourth Monday of each month, held in one of the District's schools during the school year and at the District Office when school is not in session. Meetings generally are held in the evening. See S.C. Code §59-1-340; Policy BE. All meetings of the Board are open to the public except those executive sessions permitted under state law. See S.C. Code §59-1-340 and §§30-4-60-70.

Students may choose to attend and participate in Board meetings as any other

members of the public. See Board Policy JIB--Student Involvement in Decision Making; Board Policy BEDH.   Students do not commonly pursue this option, which the District attributes to the fact that the District actively involves students in the decision-making process at the school level. The Board provides two processes by which students may provide input into policy development or address complaints and concerns without attending Board meetings. See Policy JIB and Policy JII--Student Concerns Complaints and Grievances.   To the extent that the Board addresses other individual student matters, those generally are limited to the Board's review of written submissions and do not include a hearing before the Board. See Board Policy JII.   Likewise, Board review of student disciplinary matters generally is based on the existing record and does not require student attendance at a Board meeting. See Policy JKE--Expulsion of Students.

Other students who may also choose to attend Board meetings are those students present for the District's *School Board Spotlight*;" those who are invited by their school principal to lead the Pledge of Allegiance; and on occasion, those who choose to observe a meeting to receive credit in connection with a government class.   The minutes of the Board meetings reflect that the following students led the Pledge of Allegiance at many meetings, as follows:

| **Date** | **Scheduled Speaker** | **Actual Speaker** |
|---|---|---|
| 8/13/12 | Laura Katherine Perla, a rising first grade student at River Springs Elementary School | Austin Addison, student at Irmo High School |
| 9/10/12 | Laura Phipps, a fifth grade student at Nursery Road Elementary School | Laura Phipps |
| 9/24/12 | Andrew Talkish, student in Oak Pointe Elementary student government | Andrew Talkish |

3

| Date | | |
|---|---|---|
| 10/8/12 | Drew Delk and Harrison Yarbrough, students at River Springs Elementary School | Drew Delk and Harrison Yarbrough |
| 10/22/12 | Cody Millager, high school student | Cody Millager |
| 11/19/12 | Roger Pedroni, student council president at Irmo Elementary School | Hannah Rives, student council vice president at Irmo Elementary School |
| 1/14/13 | Bailey Gowans, student body president at Chapin High School | Bailey Gowans |
| 1/28/13 | Tristan Yates, a student at the Center | Tristan Yates |
| 2/11/13 | Rayne Norris and Olivia Calhoun, students at Ballentine Elementary School | Rayne Norris and Olivia Calhoun |
| 2/25/13 | Carly Smith, a student at the Center | Carly Smith |
| 3/11/13 | Karina Desai, student council president at Dutch Fork Middle School | Karina Desai |
| 3/25/13 | Adam Miller, Biosystems Engineering Technology student | Adam Miller |
| 4/22/13 | Allie Anderson, a fifth grade student at Chapin Elementary School | Allie Anderson |
| 5/6/13 | Damon Williams, a fifth grade student at Dutch Fork Elementary School | Damon Williams |
| 5/20/13 | Ashley Graham, a student at the Center for Advanced Technical Studies | Ashley Graham |

Among those students who chose to attend Board meetings were Plaintiffs Matthew Neilson and Jacob Zupon. Plaintiff Mathew Nielson attended Irmo High School, which is a school governed by the Board. He is religiously unaffiliated in that he is not a religious person and does not believe in a god or supreme being. (Nielson Dep. 15:7-15:12). Plaintiff Nielson believed that he had attended at least two Board meetings, and knew that he had attended one Board meeting while he was a student. (Nielson Dep. 63:9-14). Plaintiff Jacob Zupon also attended Irmo High School. Plaintiff Zupon identifies as an agnostic atheist. Following initiation of this litigation, he attended meetings of the Board in person and viewed meetings online. (Zupon Decl. 1-2).

Until August 2013, the Board opened its meetings with a prayer typically delivered by a District employee or a Board member. There was no written policy governing these invocations in place. In August 2013, however, the Board added the following language:

> **Board Invocation**
>
> The board is a deliberative public body and will open its regular and specially called public meetings with a public invocation complying with S.C. Code § 6-1-160 of the Code of Laws of South Carolina.
> The public invocation will be non-sectarian and will not proselytize for or advance any one, or disparage any other, faith or belief. The public invocation is for the benefit of the board, but no member of the board, or any other person attending the meeting, shall be required to participate in the public invocation. The purposes of the public invocation are to express thankfulness for the right of self-government, to solemnize the board's legislative tasks, dignify and confirm the seriousness of board meetings, encourage respect and appreciation for all board members, seek to unite and not divide the board, and to contribute to the wisdom and soundness of decisions by the board.
> The public invocation will be offered on a voluntary basis by a member of the board, rotating from meeting to meeting, in alphabetical order or other objective method of rotation, among all members of the board. A board member may offer a moment of silence for silent prayer or reflection in addition to or in lieu of the public invocation.

(SIGNATURE BLOCK ON NEXT PAGE)

By:   s/Meredith L. Seibert_____
Andrea E. White (Fed. I.D. No. 5620)
Meredith L. Seibert (Fed. I.D. No. 9919)

DUFF, WHITE & TURNER, LLC
3700 Forest Dr., Suite 404
P.O. Box 1486
Columbia, SC 29202
Telephone: 803.790.0603
Fax: 803.790.0605
awhite@dwtlawfirm.com
mseibert@dwtlawfirm.com

David L. Morrison, Esq. (Fed. I.D. No. 3581)
Kassi B. Sandifer, Esq. (Fed. I.D. No. 7439)

MORRISON LAW FIRM, LLC
7453 Irmo Drive, Suite B
Columbia, SC 29212
Telephone: 803.661.6285
Fax: 803.661.6289
david@dmorrison-law.com
kassi@dmorrison-law.com

Attorneys for Defendant School District Five
of Lexington and Richland Counties

July 3, 2014
Columbia, South Carolina